Barbara A. Stuart ROBINSON,
Plaintiff—Appellant,

v.

State of WASHINGTON DEPART-
MENT OF CORRECTIONS,
Defendant—Appellee.

No. 11–35025.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 3, 2012.

Barbara Stuart Robinson, Tacoma, WA, pro se.

Catherine Hendricks, Senior Counsel, Office of the Washington Attorney General, Seattle, WA, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM **

Barbara A. Stuart Robinson appeals pro se from the district court's judgment dismissing her action for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. *In re Ford Motor*

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Co./Citibank (South Dakota), N.A., 264 F.3d 952, 955 (9th Cir.2001). We review de novo, Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir.2005), and we affirm.

The district court properly dismissed the action because the complaint does not allege facts to support federal question or diversity jurisdiction. See id. ("In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."); see also Vaden v. Discover Bank, 556 U.S. 49, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009) (explaining that § 1331 confers jurisdiction over civil actions 'arising under' federal law and that an action 'arises under' federal law only where the plaintiff's statement of the claim shows that the claim is based on federal law (citations omitted)).

We do not consider issues raised by Robinson for the first time on appeal. See Janes v. Wal–Mart Stores Inc., 279 F.3d 883, 887–88 (9th Cir.2002).

**AFFIRMED.**